IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HILDA GRATIA<br>601 W. Cliveden Street<br>Philadelphia, PA 19119<br><br>  Plaintiff,<br><br>  v.<br><br>RED LOBSTER HOSPITALITY, LLC<br>425 W. DeKalb Pike<br>King of Prussia, PA 19406<br><br>  Defendant. | CIVIL ACTION NO:<br><br>COMPLAINT WITH JURY DEMAND |

**CIVIL ACTION COMPLAINT**

Plaintiff Hilda Gratia ("Plaintiff"), by and through undersigned counsel, hereby complains as follows against Defendant Red Lobster Hospitality, LLC ("Defendant").

**INTRODUCTION**

1. Plaintiff has initiated this action to redress violations by Defendant of Title VII of the Civil Rights Act of 1964 ("Title VII") and the Pennsylvania Human Relations Act ("PHRA"). Defendant discriminated against Plaintiff based on her gender, and subjected Plaintiff to being sexually harassed at work. Defendant fired Plaintiff because she complained of sex discrimination and sexual harassment. As a result, Plaintiff suffered damages.

**JURISDICTION AND VENUE**

2. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, because the claims herein arise under laws of the United States and specifically, Title VII.

3. This Court has supplemental jurisdiction over the related state law claims because they arise out of the same circumstances and are based upon a common nucleus of operative fact.

1

4. This Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice.

5. Pursuant to 28 U.S.C. § 1391, venue is properly laid in this judicial district because the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

6. Plaintiff has exhausted all administrative remedies required as a prerequisite to the filing of the instant Title VII claims.

## PARTIES

7. The foregoing paragraphs are incorporated herein as if set forth in full.

8. Plaintiff is an adult individual with an address as set forth in the caption.

9. Defendant is a business entity with a place of business at the address set forth in the caption that conducts business in Pennsylvania.

10. Defendant acted by and through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with Defendant.

## FACTUAL BACKGROUND

11. The foregoing paragraphs are incorporated herein as if set forth in full.

12. In or around November 2017, Defendant hired Plaintiff as a Server.

13. Throughout the duration of Plaintiff's employment, she worked alongside Server, Hanif (last name known to Defendant).

14. Beginning in or around January 2020, Server Hanif repeatedly sexually harassed Plaintiff.

15. Plaintiff brought the sexual harassment to the attention of Manager Simon Irby ("Manager Irby"), but nothing was done.

16. Server Hanif's sexual harassment thus continued.

17. Examples of the sexual harassment include:

    a. Server Hanif often tried to touch Plaintiff inappropriately on her arm or waist as she walked by.

    b. Server Hanif often tried to give Plaintiff unwanted hugs.

    c. Server Hanif often blew kisses at Plaintiff.

    d. Server Hanif often told Plaintiff she was "looking good" and made comments such as "ohh girl" in a sexual manner as Plaintiff walked by.

    e. In or around late January 2020, Server Hanif said to Plaintiff in a sexual manner "mmmm look at that pound cake, I could wrap that up and save it for later," referencing Plaintiff's buttocks.

    f. Sever Hanif then grabbed Plaintiff's buttocks and squeezed it.

    g. Plaintiff turned around and hit Server Hanif's arm away.

    h. Server Hanif responded by turning around and pushing his buttocks towards Plaintiff saying, "I touch yours, you touch mines."

18. In or around late January 2020, Plaintiff again complained to Manager Irby, who this time directed Plaintiff to write a statement.

19. Plaintiff wrote a statement of what happened that day and provided the statement to Manager Irby, who told Plaintiff he would speak with Server Hanif.

20. A few days later, Manager Irby told Plaintiff he could not confirm what happened because there were no cameras.

21. Manager Irby further said that Server Hanif denied doing what Plaintiff had accused him of doing.

22. Plaintiff told Manager Irby that the other female workers were often made to feel uncomfortable by Server Hanif and they could attest to his ongoing sexually harassing behavior.

23. In response, Manager Irby told Plaintiff she had to continue working alongside Sever Hanif.

24. Server Hanif's harassment of Plaintiff continued.

25. In or around March 2020, Defendant temporarily closed due to the Covid-19 Global Pandemic and placed Plaintiff and other employees on a temporary furlough.

26. In or around June 2020, Defendant ended the furlough and the furloughed employees, including Plaintiff, returned to work.

27. A few days after returning to work, Manager Jasmine, without warning, fired Plaintiff.

28. Manager Jasmine claimed that Plaintiff was being fired because her nails were too long.

29. Prior to that day, at no time had Plaintiff been asked to file or cut her nails.

30. Prior to that day, at no time had Plaintiff been warned that she would be fired if she did not file or cut her nails.

31. Defendant's reason for firing Plaintiff was pretext.

32. Defendant fired Plaintiff because of her gender and/or in retaliation for complaining about sexual harassment.

### COUNT I
### Violation of Title VII of the Civil Rights Act of 1964
### (Sexual Harassment/Hostile Work Environment)

33. The foregoing paragraphs are incorporated herein as if set forth in full.

34. At all times relevant herein, Defendant is and continues to be an "employer" within the meaning of Title VII.

35. At all times relevant herein, Plaintiff was employed by Defendant as an "employee" within the meanings of Title VII.

36. Title VII prohibits employers, such as Defendant, from sexually harassing an employee on the basis of sex.

37. Defendant violated Plaintiff's rights under Title VII by sexually harassing Plaintiff and permitting same to continue despite Plaintiff's complaints of same.

38. Plaintiff was subjected to severe and pervasive sexual harassment and a sexually hostile work environment during her employment with Defendant that was both offensive and unwelcome.

39. Defendant failed to remedy the sexual harassment even after being put on notice that same was occurring in its workplace.

40. Any reasonable person would have felt that he or she was being subjected to sexual harassment due to the comments and conduct that occurred in Defendant's workplace and by Defendant's failure to effectively remedy the sexual harassment after being put on notice of same.

41. As a direct consequence of Defendant's unlawful actions as described above, Plaintiff has and continues to suffer damages.

## COUNT II
### Violation of Title VII of the Civil Rights Act of 1964
**(Retaliation)**

42. The foregoing paragraphs are incorporated herein as if set forth in full.

43. Title VII makes it unlawful for an employer to retaliate against an employee for complaining of sex discrimination and harassment.

44. Plaintiff engaged in protected activity when Plaintiff complained to management about being sexually harassed at work.

45. Defendant fired Plaintiff because Plaintiff complained about being sexually harassed.

46. As a direct consequence of Defendant's unlawful actions as described above, Plaintiff has and continues to suffer damages.

## COUNT III
### Violation of the Pennsylvania Human Relations Act ("PHRA")
**(Sexual Harassment/Hostile Work Environment)**

47. The foregoing paragraphs are incorporated herein as if set forth in full.

48. At all times relevant herein, Defendant was an "employer" within the meaning of the PHRA.

49. At all times relevant herein, Plaintiff was employed by Defendant as an "employee" within the meaning of the PHRA.

50. The PHRA prohibits employers, such as Defendant, from sexually harassing or discriminating against an employee on the basis of sex.

51. Defendant violated Plaintiff's rights under the PHRA by sexually harassing and discriminating against Plaintiff and permitting same to continue despite Plaintiff's complaints of same.

52. Plaintiff was subjected to severe and pervasive sexual harassment and a hostile work environment during her employment with Defendant that was both offensive and unwelcome.

53. Defendant failed to remedy the sexual harassment even after being put on notice that same was occurring in its workplace.

54. Any reasonable person would have felt that he or she was being subjected to sexual harassment and a hostile work environment due to comments and conduct tolerated in Defendant's workplace and by Defendant's conduct in failing to effectively remedy the sexual harassment and hostile work environment after being put on notice of same.

55. As a direct consequence of Defendant's unlawful actions, Plaintiff has and continues to suffer damages.

## COUNT IV
## Violation of the Pennsylvania Human Relations Act ("PHRA")
### (Retaliation)

56. The foregoing paragraphs are incorporated herein as if set forth in full.

57. The PHRA makes it unlawful for an employer to retaliate against an employee for complaining of sex discrimination and sexual harassment.

58. Defendant fired Plaintiff because Plaintiff complained of sex discrimination and sexual harassment.

59. As a direct consequence of Defendant's unlawful actions, Plaintiff has and continues to suffer damages.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendant is to be permanently enjoined from sexually harassing and discriminating or retaliating against Plaintiff or anyone else on any basis forbidden by Title VII or the PHRA;

B. Defendant is to promulgate and adhere to a policy prohibiting discrimination and harassment on any basis forbidden by Title VII or the PHRA;

C. Defendant is to compensate Plaintiff, reimburse Plaintiff and make whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back and front pay;

D. Plaintiff is to be awarded actual damages, as well as damages for the pain and suffering, and humiliations caused by Defendant's actions;

E. Plaintiff is to be awarded punitive damages in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for their willful, deliberate, malicious, and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

F. Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper, and appropriate;

G. Plaintiff is to be awarded the costs and expenses of this actions and reasonable attorney's fees as provided by applicable law; and

H. Plaintiff is permitted to have a trial by jury.

Respectfully Submitted,

**SWARTZ SWILDER, LLC**

*/s/ Richard Swartz*
Richard Swartz, Esq.
Alexa Wissner, Esq.
**SWARTZ SWIDLER, LLC**
9 Tanner Street Suite 101
Haddonfield, NJ 08033
Phone: (856) 685-7420
Fax: (856) 685-7417
rswartz@swartz-legal.com
awissner@swartz-legal.com
*Attorneys for Plaintiff*

Dated: August 5, 2022

## **DEMAND TO PRESERVE EVIDENCE**

All Defendants are hereby directed to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to Plaintiff's cause of action and/or prayers for relief, and to any defenses to same, including, but not limited to, electronic data storage, closed circuit TV footage, digital images, computer images, cache memory, searchable data, emails, spread sheets, employment files, memos, text messages, any and all online social or work related websites, entries on social networking sites (including, but not limited to, Facebook, Twitter, MySpace, etc.), and any other information and/or data and/or things and/or documents which may be relevant to any claim or defense in this litigation.